ALEXANDER S. DUNLOP

*v.*

THE WILSON SEWING MACHINE COMPANY.

SURETY — *of future liability as principal in a bond.* If a party executes a bond as surety, whereby he agrees to guarantee all present and future liabilities of the principal, to the obligee, and that the taking of other security from the principal or the extension of time shall not affect his liability as security, he will be bound to pay the amount of a note afterwards taken by the obligee from the principal for a balance then found due upon a settlement between them.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. ROWELL & HAMILTON, for the plaintiff in error.

Mr. M. W. PACKARD, and Mr. L. WELDON, for the defendant in error.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action brought by the sewing machine company against Dunlop and Joseph R. Shaw. Shaw was not served, and Dunlop pleaded to the declaration. The trial was, by consent, by the court, and the issue was found for the plaintiff below, finding the debt $2000, and damages $1098.49. Defendant excepted to the finding.

Plaintiff gave in evidence a penal bond executed by Joseph R. Shaw and Alexander Dunlop to the plaintiff, dated June 18, 1874, in the penalty of $2000, conditioned that Shaw should pay any and every indebtedness or liability to plaintiff then existing, or which in any manner might thereafter exist, of Shaw to plaintiff, whether such liability should exist in the shape of book accounts, notes or leases, renewals or extensions of notes, accounts or leases, acceptances, indorsements, consignments of property, failure to deliver or account for the same, or *otherwise*, and with the further agreement that "the undersigned agree and consent that the Wilson Sewing Machine Company may, in their discretion, take or receive from said Shaw any security whatever, at any time, and grant any extension to said Shaw, without in any way affecting the liability of the signers hereto, or either of them, or discharging or releasing them or either of them from the obligation of this bond."

Plaintiff also gave in evidence an agreement between Shaw and plaintiff, by which plaintiff agreed to sell to Shaw sewing machines at a certain discount below regular prices, and to give to him the exclusive right to sell in McLean county, and by which Shaw agreed to receive the machines, pay the price, etc.

It was also proven that, on June 27, 1874, and on July 3, 1874, the plaintiff delivered to Shaw divers sewing machines, at prices amounting in all to $1024.25.

On July 28, 1874, Dunlop wrote to plaintiff, requesting plaintiff not to send Shaw more than one dozen machines at a time, until he settles, and asking how Shaw is making returns.

On July 30, 1874, the plaintiff wrote to Dunlop, saying Shaw had 26 machines, and had made no payment; that they had requested Shaw to make a new contract, and saying plaintiff would send Shaw no more machines.

On the 10th of August, 1874, plaintiff had a settlement with Shaw. Shaw had paid nothing on the machines. Plaintiff took Shaw's note for $1024.25, payable in six months, with interest.

This is the substance of all the evidence.

We think the finding of the court was right. It is strenuously contended that the fact that the plaintiff below settled with Shaw, and took his note at six months, operated to discharge Dunlop from his liability upon this bond.

This might be so, if Dunlop had not expressly stipulated in his bond that he guaranteed not only present, but all future liabilities of Shaw to the plaintiff, and that the taking of other security from Shaw, or the extension of time, should not affect the liability of Dunlop. It seems to have been a very improvident act on the part of Dunlop, to sign such a bond, but the court can not relieve him from the results of his own folly.

The judgment is affirmed.

*Judgment affirmed.*